**IN THE COURT OF APPEALS OF IOWA**

No. 17-1914
Filed April 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MALIEK TODD-HARRIS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

        Maliek Todd-Harris appeals his conviction for second-degree burglary. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, (until his withdrawal) and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., Mullins, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

A jury found Maliek Todd-Harris guilty on one count of second-degree burglary. He challenges his conviction on direct appeal, claiming the district court abused its discretion by denying his motion for mistrial.

Todd-Harris moved for mistrial on the second afternoon of trial after noticing one of the jurors "dozing off." After excusing the rest of the jury at the end of the day, the court informed the juror that there was "some concern as to whether you're tired" and that he was perceived to have "nodded off once or twice." The juror admitted that he could "get a little drowsy" but did not admit that he had "ever really [fallen] asleep." After reminding the juror that his full attention was required during trial, the court told him to request a break to refresh if he felt drowsy.

The next day, defense counsel renewed the motion for mistrial, alleging the juror "repeatedly dozed off, took a nap." Counsel alleged that after the jury attendant noticed the juror sleeping and gave him a drink of water, the juror "continued to nod off and show no interest in this trial." The court again denied the motion, explaining that it had directed the court attendant to give the juror water after noting the juror's difficulty staying awake. It denied the motion a third time after counsel renewed it at the close of evidence.

We review a denial of a motion for a new trial based upon juror misconduct for an abuse of discretion. *State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015). A mistrial is appropriate if the jury cannot reach an impartial verdict. *See State v. Newell*, 710 N.W.2d 6, 32 (Iowa 2006). The question is whether the court was clearly unreasonable in concluding the jury could reach an impartial verdict. *See id.*

We are unable to find the district court abused its discretion on the record before us. The juror admitted to becoming drowsy during some portions of the trial but did not agree that he had fallen asleep. *See State v. Cuevas*, 281 N.W.2d 627, 632 (Iowa 1979) (finding defendant failed to establish misconduct of two jurors who appeared to be sleeping where one juror denied sleeping, the other was not called, and the bailiff did not observe any jurors sleeping); *State v. Goldensoph*, No. 17-0479, 2018 WL 4360893, at *3 (Iowa Ct. App. Sept. 12, 2018) (finding no abuse of discretion in district court's denial of motion for mistrial where jurors denied falling asleep). The court could observe the juror firsthand and determine the effect his drowsiness had on his ability to render a verdict. *See State v. Hunt*, 801 N.W.2d 366, 373 (Iowa Ct. App. 2011) (noting that the trial court has broad discretion in ruling on a motion for mistrial because it is in a better position "to gauge the effect of the matter on the jury" (citation omitted)). The court acted reasonably by informing the juror of the need to pay careful attention during trial, asking him to request a break when necessary, and sending water to the juror when he exhibited signs of drowsiness.

On appeal, Todd-Harris asserts that the court "should be required to conduct an investigation into how much the juror had missed." However, he never requested such an investigation below. Accordingly, Todd-Harris failed to preserve error for our review. *See State v. Dewitt*, 811 N.W.2d 460, 467 (Iowa 2012) ("We do not review issues that have not been raised or decided by the district court.").

We affirm Todd-Harris's conviction for second-degree burglary.

**AFFIRMED.**